[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This court rendered a decision, by the undersigned judge, dated March 10, 1997 denying the defendant's motion for summary judgment [20 Conn. L. Rptr No. 13, 461 (December 15, 1997)]. The plaintiffs brought this action seeking to enjoin the defendant from building a rectory on its property, alleging that it would be in violation of certain restrictive covenants which burden the defendant's property. The defendant's position, which was addressed by the court in its earlier decision, is that any restrictive covenant which may have affected its property has been rendered void by virtue of the provisions of the Marketable Record Title Act ("MRTA"). C.G.S. § 47-33.
In response to the court's decision the defendant moved to reargue its summary judgment motion. In addition, a number of CT Page 8594 title insurance companies doing business in Connecticut, through counsel, requested permission to file an amicus curiae brief. The court granted both the motion to reargue and permission for the amicus brief.
After oral reargument, and a further review of the briefs submitted by the parties both with the original motion and at the time of reargument, as well as the amicus curiae brief, and after careful and thorough consideration of the issues, the court finds that it must, for all the reasons stated in its March 10, 1997 memorandum, affirm its original decision denying the defendant's motion for summary judgment. To do otherwise would, in the view of the court, eviscerate the principles, long embedded in the common law, of equitable servitude.
I hasten to add, however, that this decision does not address the question of whether, irrespective of the MRTA, the claimed restriction in this case is enforceable. This is to be determined at the trial of this matter and involves a factual determination of the existence of the elements necessary to invoke the doctrine of equitable servitude. Neither does this decision address a second factual question, whether the proposed use of the property by the defendant would be in violation of the covenant, a question also reserved for the trial.
D'ANDREA, J.